# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-406V**
UNPUBLISHED

| | |
|---|---|
| CHARLES MEYERS,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: April 24, 2023<br><br>Special Processing Unit (SPU);<br>Decision Awarding Damages; Pain<br>and Suffering; Influenza (Flu)<br>Vaccine; Shoulder Injury Related to<br>Vaccine Administration (SIRVA) |

*David John Carney*, Green & Schafle LLC, Philadelphia, PA, *for Petitioner.*

*Jennifer A. Shah*, U.S. Department of Justice, Washington, DC, *for Respondent.*

### DECISION AWARDING DAMAGES[1]

On January 8, 2021, Charles Meyers filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges he suffered a Table injury – Shoulder Injury Related to Vaccine Administration (SIRVA) – as a result of an influenza ("flu") vaccination on December 31, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters. On October 28, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. ECF No. 34. Because the parties could not informally resolve the issue of damages, they filed briefs setting forth their

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all Section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

respective arguments and were notified that I would resolve this dispute via an expedited "Motions Day" hearing, which ultimately took place on April 21, 2023.

Petitioner seeks an award of $85,000.00 in compensation for Petitioner's actual pain and suffering. Respondent recommends an award of $57,500.00.

After listening to the arguments of both sides, I issued an oral ruling on damages constituting my findings of fact and conclusions of law, pursuant to Section 12(d)(3)(A), at the conclusion of the April 21, 2023 hearing. An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter. I hereby fully adopt and incorporate that oral ruling as officially recorded. In another recent decision I discussed at length the legal standard to be considered in determining damages and prior SIRVA compensation within SPU. I fully adopt and hereby incorporate my prior discussion in Sections II and III of *Knasel v. Sec'y Health & Hum. Servs*., No. 20-1366V, 2023 WL 2547961, at *1-4 (Fed. Cl. Feb. 14, 2023) to the instant ruling and decision. Additionally, the official recording of my oral ruling includes my discussion of various comparable cases as well as specific facts relating to Petitioner's medical history and experience that further informed my damages determination.

Based on my consideration of the complete record as a whole and for the reasons discussed in my oral ruling, pursuant to Section 12(d)(3)(A), **I find that $75,000.00 represents a fair and appropriate amount of compensation for Petitioner's actual pain and suffering.**[3] Accordingly, **I award a lump sum payment of $75,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Since this amount is being awarded for actual, rather than projected, pain and suffering, no reduction to net present value is required. *See* Section 15(f)(4)(A); *Childers v. Sec'y of Health & Hum. Servs.*, No. 96-0194V, 1999 WL 159844, at *1 (Fed. Cl. Spec. Mstr. Mar. 5, 1999) (citing *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552 (Fed. Cir. 1994)).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.